UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| BRENDA ZAPPULLA | * | CASE NO. |
| | * | |
| versus | * | |
| | * | JUDGE |
| TARGET CORPORATION of MINNESOTA, | * | |
| and ACE AMERICAN INSURANCE COMPANY | * | MAGISTRATE |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF REMOVAL

**NOW INTO COURT**, through undersigned counsel comes defendants Target Corporation of Minnesota, (hereafter sometimes referred to as "Target"), and ACE American Insurance Company, (hereafter sometimes referred to as "ACE") who hereby request this Honorable Court to remove that certain matter styled, "Brenda Zappulla versus Target Corporation of Minnesota and ACE American Insurance Company" suit number 740687, from the docket of the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana, (hereinafter sometimes referred to as the "state court proceeding"), to the United States District Court for the Eastern District of Louisiana, on the following grounds, to-wit:

1.

On or about July 25, 2014, plaintiff filed a petition for damages against named defendants Target Corporation of Minnesota and ACE American Insurance Company. Plaintiff Brenda Zappulla alleged that she received personal injuries as a result of striking her foot against a fixture while riding a motorized shopping cart on or about July 26, 2013 at a Target store

location in Harvey, Louisiana. Plaintiff alleges she was suddenly forced to turn her cart to avoid a cart being pushed by a Target employee.

2.

Plaintiff alleges that she is a resident and domiciliary of the Parish of Jefferson, State of Louisiana. Therefore, plaintiff is a citizen of the State of Louisiana.

3.

Defendant Target Corporation of Minnesota is a corporation organized under the laws of the State of Minnesota with its principal place of business in Minneapolis, Minnesota. Therefore, Target is a citizen of the State of Minnesota.

4.

Defendant ACE American Insurance Company is a foreign insurance company organized under the laws of the State of Pennsylvania with its principal place of business in Philadelphia, Pennsylvania. Therefore, defendant is a citizen of the State of Philadelphia.

5.

Plaintiff and defendants Target and ACE are citizens of different states.

1. **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PRUSUANT TO 28 U.S.C. § 1332.**

6.

28 U.S.C. § 1332 provides Federal District courts with concurrent original jurisdiction in cases "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States."

A. THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.

7.

The petition for damages in the state court proceeding did not expressly set out a specific amount of damages which the plaintiff was seeking in the state court proceeding, i.e., the amount in controversy. The petition only made generic allegations of damages that Brenda Zappulla sustained, and that her damages included past, present, and future pain and suffering and mental anguish; loss of enjoyment of life; disability; medical expenses; and future medical expenses.

8.

The allegations of the state court petition were not such that it was readily ascertainable that the action was removable at the time of its filing. Since the filing of the petition for damages, and within the last 30 days, defendants have received "other paper(s)" which evidence that the amount which plaintiffs will seek in the state court proceeding, i.e., the amount in controversy, will exceed $75,000.00, exclusive of interest and costs. Defendants are informed and believe that the amount in controversy for the matter will exceed $75,000 exclusive of interest and costs.

9.

Recently, as an update to previous discovery responses, plaintiff forwarded medical records indicating that an August 2013 MRI of her ankle revealed tendinopathy of the posterior tivialis tendon and nonspecific subcutaneous edema in the medial ankle and edema in the sinus tarsi. Her podiatrist has diagnosed her with the following conditions: Diabetic polyneuropathy, peripheral circulatory disorder associated with type 1 diabetes mellitus, disorder of nail, pain in

limb, ankle edema, and injury of foot. In January 2015 plaintiff began treating with orthopedist, Dr. Scott Habetz with the following complaints: severe pain left foot and ankle with main problems of pain, weakness, swelling and foot giving out. Problems started suddenly July 2013. Problem is worsening and wakes her up at night. Standing, walking, repetitive motions aggravate symptoms. Her quality of life has changed, and she cannot do daily activities. States it started with the accident in July 2013. Dr. Habetz ordered an MRI which revealed a thickening of the anterior talofibular ligament with mild edema posterior to the ligament suggesting possible chronic ligamentous injury. In April of 2015 plaintiff reported the following to Dr. Habetz: pain getting worse, she is miserable. Falling at home, cannot take bath.

10.

The discovery responses and medical records did not provide a clear rendition of the amount plaintiff would seek in recovery against Target and Ace, i.e., the amount in controversy. As such, upon receipt of the discovery responses outlining plaintiff's alleged injuries, Defendants submitted a Request for Admissions to Plaintiff requesting that plaintiff admit that Brenda Zappulla's alleged damages from the Target incident did not exceed $75,000, exclusive of interest and costs. On July 14, 2015 plaintiff responded to the Request for Admissions **denying** that Brenda Zappulla's damages **did not exceed $75,000** exclusive of interest and costs.

11.

The state court petition is subject to amendment upon motion of plaintiff at any time, including the ability to assert damages greater than $75,000, exclusive of interest and costs. Plaintiff's petition fails to provide a general allegation the claims exceed or is less than the

amount necessary to provide for lack of jurisdiction of federal court due to insufficiency of damages. La. C.C.P. art. 893.

12.

Nonetheless, based upon plaintiff's Response to the Request for Admissions, which supplemented plaintiff's discovery responses and medical records in the state court proceeding, Defendants are informed and believes that the amount which plaintiff will seek in the state court proceeding, i.e., the amount in controversy, will exceed $75,000, exclusive of interest and costs for the claims of Brenda Zappulla. While defendants admit no liability, nor any element of damages, defendants have met their burden of showing that the amount in controversy is in excess of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs.

### B. COMPLETE DIVERSITY

13.

Defendants Target and Ace are foreign corporations organized under the laws of the States of Minnesota and Pennsylvania, respectively, which their principal places of business in Minneapolis and Philadelphia, respectively.

14.

Plaintiff is a resident of and domiciled in the Parish of Jefferson, State of Louisiana.

15.

Accordingly, there is complete diversity of citizenship between the plaintiff and defendants.

16.

This is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332, *et seq.*, as the amount in controversy exceeds SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and complete diversity exists between all adverse parties.

## II.   DEFENDANTS HAVE STATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL

17.

Defendant Target Corporation of Minnesota, was served with the Petition for Damages through their registered agent for service of process on August 18, 2014. Defendant ACE American Insurance Company was served with the Petition for Damages on August 20, 2014. It was not readily ascertainable from the petition for damages whether the matter was removable at that time. The original petition only made general allegations of damages without information as to medical expenses or treatment rendered. Those generic allegations did not allow for removal at the time of service of same upon defendants.

18.

Plaintiff's subsequent Responses to the Request for Admissions constitutes "other papers" under 28 U.S.C. §1446(b) (3) from which it may first be ascertained that the case is one which is or has become removable. The Responses to the Request for Admissions was received on July 16, 2015. This Notice of Removal is being filed within thirty (30) days after first receipt by defendants of a copy of another paper/pleading from which it may first be ascertained that the

case is one which is or has become removable. This notice of removal is further being filed within one year of commencement of the action. Therefore, this Notice of Removal is timely under 28 U.S.C. § 1446(b)(3) and 28 U.S.C. § 1446(c).

19.

Jurisdiction is founded in the existence of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the matter in controversy exceeds the sum or value of SEVENTY-FIVE THOUSAND AND NO/100 ($75,000.00) DOLLARS, exclusive of interest and costs, and is between citizens of different states.

20.

The 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 98(a). Therefore, venue is proper in accordance with 28 U.S.C. § 1441(a).

21.

No previous application has been made by defendants in this case for the relief requested herein.

22.

Defendants wish to remove the claims which have been asserted by plaintiff in the state court proceeding to the United States District Court for the Eastern District of Louisiana. The claims that plaintiff, Brenda Zappulla, now asserted in the state court proceeding are claims between citizens of different states involving more than $75,000, exclusive of interest and costs.

The claims which plaintiff, Brenda Zappulla, has asserted in the state court proceeding, therefore, fall within the jurisdiction of the United States District Court and may properly be removed to the United States District Court for the Eastern District of Louisiana. See, 28 U.S.C. § 1332, 28 U.S.C. §§ 1441 & 1446-1451.

23.

Target Corporation of Minnesota and ACE American Insurance Company, confer in removal of the matter and respectfully requests that this Notice of Removal be filed into the record of the United States District Court for the Eastern District of Louisiana, effecting a removal of that certain matter styled, "Brenda Zappulla versus Target Corporation of Minnesota, and ACE American Insurance Company" suit number 740687, from the docket of the 24th Judicial District Court in and for the Parish of Jefferson, State of Louisiana.

24.

Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition, The Request for Admissions, and Responses to Request for Admissions are attached hereto as exhibits A, B, C, respectively. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon counsel for Brenda Zappulla, and a copy is being filed with the Clerk of Court for the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana.

25.

Defendants are entitled to and request **trial by jury** of all issues herein.

WHEREFORE, defendants, Target Corporation of Minnesota and ACE American Insurance Company, hereby removes this action from the 24th Judicial District Court for the

Parish of Jefferson, State of Louisiana, to the docket of the United States District Court for the Eastern District of Louisiana.

Respectfully submitted:<br>
**LAWRENCE & ASSOCIATES**<br>
By: __/s/David P. Curlin__<br>
David P. Curlin (LSBA # 20771)<br>
John S. Lawrence, Jr. (LSBA # 19678)<br>
225 St. Ann Drive<br>
Mandeville, LA 70471<br>
Telephone: (985) 674-4446

## CERTIFICATE OF SERVICE

I hereby certify that on this **24**[th] day of **July, 2015**, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: Peyton Burkhalter, attorney for plaintiff.

__/s/David P. Curlin__